MORGAN, LEWIS & BOCKIUS LLP
REBECCA EISEN, State Bar No. 096129
THERESA MAK, State Bar No. 211435
One Market, Spear Street Tower
San Francisco, CA 94105-1126
Tel: 415.442.1000
Fax: 415.442.1001
E-mail: reisen@morganlewis.com

Attorneys for Defendant
PetSmart, Inc.

**FILED**

DEC 17 2008

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
           DEPUTY CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Tiffany Sorenson, individually and on behalf of all others similarly situated,<br><br>            Plaintiff,<br><br>vs.<br><br>PetSmart, Inc.,<br><br>            Defendant. | Case No. 2:06-CV-02674-JAM-DAD<br><br>[~~REVISED PROPOSED~~] ORDER OF FINAL APPROVAL OF CLASS ACTION SETTLEMENT<br><br>Judge: Hon. John A. Mendez |

This matter having come before the Court for hearing pursuant to the Order of this Court dated August 5, 2008, and ordered continued on September 22, 2008 for approval of the settlement set forth in the Joint Stipulation of Settlement and Release Between Plaintiffs and Defendant ("Stipulation" or "Settlement"), and due and adequate notice having been given to the Plaintiffs as required in said Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed of the premises and good cause appearing therefore, it is

ORDERED, ADJUDGED AND DECREED THAT:

1. All terms used herein shall have the same meaning as defined in the Stipulation.

2. This Court has jurisdiction over the subject matter of this litigation and over all Parties to this litigation, including all Class Members.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/20910926.2                                              (2:06-CV-02674-JAM-DED)

[REVISED PROPOSED] ORDER OF FINAL APPROVAL OF CLASS ACTION SETTLEMENT

3. Distribution of the Notice and the Claim Form directed to the Class Members as set forth in the Stipulation of Settlement and the other matters set forth therein, have been completed in conformity with the Preliminary Approval Order, including individual notice to all Class Members who could be identified through reasonable effort, and the best notice practicable under the circumstances. The Notice provided due and adequate notice of the proceedings and of the matters set forth therein, including the proposed Settlement set forth in the Stipulation of Settlement, to all persons entitled to such Notice, and the Notice fully satisfied the requirements of due process. All Class Members and all Released Claims are covered by and included with the Settlement and this Final Order.

4. This Court hereby approves the settlement set forth in the Stipulation and finds that the Settlement is, in all respects, fair, adequate and reasonable and directs the Parties to effectuate the Settlement according to its terms. The Court finds that the Settlement has been reached as a result of intensive, serious and non-collusive arms length negotiations. The Court further finds that the Parties have conducted sufficient investigation and research, and counsel for the Parties are able to reasonably evaluate their respective positions. The Court also finds that settlement at this time will avoid additional substantial costs, as well as avoid the delay and risks that would be presented by the further prosecution of the Action. The Court has reviewed the monetary recovery that is being granted as part of the Settlement and recognizes the significant value to the Settlement Class of that monetary recovery. The Court finds that the Class is properly certified as a class for settlement purposes only.

5. Consistent with the definitions provided in the Stipulation of Settlement, for purposes of this Judgment, the term "Class" or "Classes" and "Sub-classes" are defined as follows:

All non-exempt or hourly-paid employees who have been employed by Defendant in the State of California from October 3, 2002 through August 5, 2008.

 a. Groomer Sub-Class: All non-exempt employees employed as Groomers.

 b. Non -Groomer Sub-Class: All non-exempt employees employed in positions other than as Groomers.

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/20910926.2

2

(2:06-CV-02674-JAM-DED)

[REVISED PROPOSED] ORDER OF FINAL APPROVAL OF CLASS ACTION SETTLEMENT

6. The "Class Members" are those eligible persons who did not elect to be excluded from the Class for the Released Claims. As of the Effective Date, the Settlement Class and each member of the Class who has not submitted a valid Request for Exclusion, fully releases and discharges Defendant, its present and former parents, subsidiaries and affiliated corporations and its officers, directors, employees, partners, shareholders and agents, and any other successors, assigns, or legal representatives ("Released Parties"), from any and all applicable California wage and hour claims, rights, demands, liabilities, and causes of action of every nature and description which have or could have been brought in the Lawsuit against Defendant, whether known or unknown, arising from or related to the lawsuit against defendant, including without limitation statutory, contractual or common law claims for wages, damages, penalties, liquidated damages, punitive damages, interest, attorneys fees, litigation costs, restitution, equitable relief, or other relief under Business and Professions Code §§ 17200, et seq., from October 3, 2002, through the date of preliminary approval of the class settlement based on the following categories of allegations: (a) any and all claims for failure to provide meal and rest periods; (b) any and all claims for the failure to promptly pay all wages due and owing at the time of the employee's termination or discharge; (c) any and all claims for the failure to properly itemize wage statements; and (d) any and all claims for violation of IWC Wage Order #7 or the California Labor Code sections 201, 202, 226, 226.7 and 512 (the "Released Claims"). The Released Claims do not include Workers' Compensation claims. All Class Members as of the Effective Date are hereby forever barred and enjoined from prosecuting the Released Claims against the Released Parties.

7. The Stipulation and Settlement are not an admission by PETSMART, INC., nor is this Judgment a finding, of the validity of any claims in the Action or of any wrongdoing by PETSMART, INC. The entering into or carrying out of the Stipulation, and any negotiations or proceedings related thereto, shall not in any event be construed as, or deemed to be evidence of, an admission or concession with regard to the denials or defenses by PETSMART, INC., and shall not be offered in evidence in any action or proceeding against PETSMART, INC., in any court, administrative agency or other tribunal for any purpose whatsoever other than to enforce

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/20910926.2              3                (2:06-CV-02674-JAM-DED)

[REVISED PROPOSED] ORDER OF FINAL APPROVAL OF CLASS ACTION SETTLEMENT

the provisions of this Judgment, the Stipulation, or any related agreement or release. Notwithstanding these restrictions, any of the Released Parties may file in the Action or in any other proceeding the Judgment, Stipulation, or any other papers and records on file in the Action as evidence of the Settlement to support a defense of *res judicata*, collateral estoppel, release, or other theory of claim or issue preclusion or similar defense as to the Released Claims.

8. The Court hereby dismisses the Action on the merits and with prejudice as to the named Plaintiff and all Class Members in favor of PETSMART, INC., and without costs or attorneys' fees to any of the Parties as against any other settling party, except as provided for in the Stipulation. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over the interpretation, implementation and enforcement of the Settlement and all orders and judgments entered in connection therewith.

9. The Court hereby awards Class Counsel attorneys' fees in the amount of $585,000.00 and costs of $8,338.54. The Court also hereby approves a service payment to the Plaintiff TIFFANY SORENSON in the amount of $15,000.00. The Court also approves the payment of claims administration expenses in the amount of $90,275.79.

10. After administration of the Settlement has been completed in accordance with the Stipulation and all amounts calculated, and in no event later than 180 days after the Effective Date, PETSMART, INC., shall file a report with this Court setting forth the total of the Gross Settlement Amounts for the Settlement Class Members and certifying compliance with the terms of the Settlement.

11. The Court finds that the Stipulation is in good faith and constitutes a fair, reasonable and adequate compromise of the Released Claims against PETSMART, INC.

12. Notice pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. §1715, was provided to the appropriate state and federal attorney generals on November 20, 2008. As such, the Court hereby orders that final approval is granted and judgment is entered effective February 19, 2009.

13. If the Settlement does not become final and effective in accordance with the terms of the Stipulation, resulting in the return and/or retention of the Settlement Fund to PETSMART,

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/20910926.2

4

(2:06-CV-02674-JAM-DED)

[REVISED PROPOSED] ORDER OF FINAL APPROVAL OF CLASS ACTION SETTLEMENT

1  INC., consistent with the terms of the Settlement, then this Judgment and all orders entered in
2  connection herewith shall be rendered null and void and shall be vacated.

4  Dated: December 17, 2008           By _____
                                        Hon. John A. Mendez
                                        United States District Court
                                        Eastern District of California

Morgan, Lewis &
Bockius LLP
Attorneys At Law
San Francisco

DB2/20910926.2                    5                    (2:06-CV-02674-JAM-DED)

[REVISED PROPOSED] ORDER OF FINAL APPROVAL OF CLASS ACTION SETTLEMENT